FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 27 PM 3: 12

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRUCE ROBERSON | * | CIVIL ACTION 02-0870 |
| | * | |
| | * | |
| VERSUS | * | JUDGE DUVAL |
| | * | |
| | * | |
| GLAXOSMITHKLINE PLC, ET AL. | * | MAGISTRATE JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

Defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE (hereinafter "Defendant"), hereby responds to plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (hereinafter collectively referred to as "Petition") on its own behalf as follows. The repetition of plaintiff's subheadings is done solely for organizational purposes and is not an admission as to their truth.

### FIRST DEFENSE

The Petition does not state a claim upon which relief can be granted.

-1-



## SECOND DEFENSE

As it relates to the Petition's allegations that plaintiff is entitled to recovery against Defendant under the theories of "negligence," "gross negligence," "strict liability," "intentional and willful conspiracy," "conspiracy," "fraud and misrepresentation," "negligent and reckless misrepresentation," "misrepresentation," "willful, wanton and reckless suppression of information," and "concealment," the Petition does not state a claim upon which relief can be granted under Louisiana law. This case is governed by the exclusive provisions of the Louisiana Products Liability Act (La.-R.S. 9:2800.51 *et seq.*). Any theories of recovery that fall outside of the Louisiana Products Liability Act's provisions are therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and Defendant herein reserves its right to raise this objection and set such Rule 12(b)(6) motion for hearing.

## THIRD DEFENSE

All or part of the claims for relief contained in the Petition are barred by the applicable statutes of limitations, or prescriptive/pre-emptive statutes.

## FOURTH DEFENSE

Defendant answers the numbered allegations of the Petition as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1 and, therefore, denies them.

2.      A.      Defendant admits that GlaxoSmithKline plc is a foreign corporation. Except as so admitted, Defendant denies the allegations in ¶ 2A. Defendant affirmatively states that GlaxoSmithKline plc has not been properly served in this action. Defendant affirmatively states that SmithKline Beecham

Corporation d/b/a GlaxoSmithKline is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant also admits that SmithKline Beecham Corporation has accepted service in this action and hereby appears in this action by way of this Answer as the substituted defendant in the place of GlaxoSmithKline plc, pursuant to an agreement with plaintiff that this substitution acts as a dismissal of GlaxoSmithKline plc from this litigation. Defendant also affirmatively states that at certain times in the past, SmithKline Beecham Corporation d/b/a GlaxoSmithKline advertised, shipped and/or sold certain products that had, in the past, contained phenylpropanolamine ("PPA"), among other ingredients in the United States, including Louisiana. Except as so stated, Defendant denies the allegations in ¶ 2A.

3.    A.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3A and, therefore, denies them.

4.    Defendant denies the allegations in ¶ 4.

### PHENYLPROPANOLAMINE ("fen-el-pro-pa-nol-a-mine" or "PPA")

5.    Defendant admits that phenylpropanolamine ("PPA"), among other ingredients, was an ingredient in certain formulations of its over-the-counter product Contac® and in other cough and cold and appetite suppressants. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 5, which refer to other products and, therefore, denies them.

6.    Defendant admits that a study was conducted by investigators at Yale University and

that the study speaks for itself. Except as so admitted, Defendant denies the allegations in ¶ 6 as they relate to it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 6, which refer to unidentified individuals, documents, reports and products, and, therefore, denies them.

7.    Defendant admits that there was a meeting of the Non-Prescription Drugs Advisory Committee for Drug Evaluation and Research (NDAC), and the discussions and conclusions of the NDAC are matters of the public record and speak for themselves. Except as so admitted, Defendant denies the allegations in ¶ 7.

8.    Defendant admits that the Food and Drug Administration has taken certain actions with regard to PPA, which actions are documented and speak for themselves. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 8, which relate to other entities and unnamed individuals, and, therefore, denies them.

9.    Defendant denies the allegations in ¶ 9.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10 and supplemental ¶ II and, therefore, denies them. Defendant specifically denies that any of Defendant's products are causally related to plaintiff's alleged injuries.

11.    Defendant denies the allegations in ¶ 11, and specifically denies that there is any causal connection between any of Defendant's products and plaintiff's alleged medical conditions.

12.    Defendant denies the allegations in ¶ 12. To the extent that the allegations in ¶ 12 could be construed to infer that any product of Defendant caused any injury to plaintiff, the allegations are expressly denied.

13.    Defendant denies the allegations in ¶ 13.

14.    Defendant denies the allegations in ¶ 14 and all subparts and subparagraphs thereof.

15.    Defendant denies the allegations in ¶ 15, as well as the allegations in supplemental ¶ IV and all subparts thereof. Defendant specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "negligence," "gross negligence," and "strict liability," as stated in ¶ 15 and supplemental ¶ IV and all subparts thereof. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged purchase of the alleged PPA-containing products and, therefore, denies them. Defendant denies the remaining allegations in ¶ 16 and all subparagraphs and subparts thereof, as well as the allegations in supplemental ¶ III.

17.    Defendant denies the allegations in ¶ 17, as well as the allegations in supplemental ¶ IV and all subparts thereof. Defendant specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "negligence," "gross negligence," and "strict liability," as stated in ¶ 17 and supplemental ¶ IV and all subparts thereof. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

18.    Defendant denies the allegations in ¶ 18 and supplemental ¶ XIX. Defendant specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "intentional and willful conspiracy" and "fraud and misrepresentation," as stated in ¶ 18 and supplemental ¶ XIX. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

19.    Defendant denies the allegations in ¶ 19 to the extent they were made in a petition in

state court, as this matter was properly removed under 28 U.S.C. § 1441, and further denies that it engaged in any "wrongful conduct."

## FURTHER ALLEGATIONS IN PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

20.    Defendant denies the allegations in supplemental ¶ V, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "negligence," "willful, wanton and reckless suppression of information," and "misrepresentation," as stated in supplemental ¶ V.    Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

21.    Defendant denies the allegations in supplemental ¶ VI, and specifically denies that plaintiff is entitled to recovery against Defendant under a theory of "fraud and misrepresentation," as stated in supplemental ¶ VI.  Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

22.    Defendant denies the allegations in supplemental ¶ VII, and specifically denies that plaintiff is entitled to recovery against Defendant under a theory of "fraud and misrepresentation," as stated in supplemental ¶ VII.  Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

23.    Defendant states that the Food and Drug Administration has taken certain actions with respect to PPA which actions are documented and speak for themselves.   Defendant denies the allegations in supplemental ¶ VIII as they relate to it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in supplemental ¶ VIII, which relate to other unnamed individuals, entities, meetings, reports, studies, and documents, and,

therefore, denies them. Defendant specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "willful, wanton and reckless suppression of information," and "misrepresentation," as stated in supplemental ¶ VIII. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*). To the extent that the allegations in supplemental ¶ VIII could be construed to infer that any product of Defendant caused any injury to plaintiff, the allegations are expressly denied.

24. Defendant states that, subject to any applicable defenses, Defendant had a duty to comply with applicable law, which it did. Except as so stated, Defendant denies the allegations in supplemental ¶ IX, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "misrepresentation" and "concealment," as stated in supplemental ¶ IX. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

25. Defendant states that any products it produced came with information and packaging that speak for themselves. Except as so stated, Defendant denies the allegations in supplemental ¶ X, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "fraud and misrepresentation" and "concealment," as stated in supplemental ¶ X. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

26. Defendant states that any products it produced came with information and packaging that speak for themselves and further states that, subject to any applicable defenses, Defendant had a duty to comply with applicable law, which it did. Except as so stated, Defendant denies the allegations in supplemental ¶ XI, and specifically denies that plaintiff is entitled to recovery against

Defendant under the theories of "fraud and misrepresentation" and "concealment," as stated in supplemental ¶ XI. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

27.    Defendant denies the allegations in supplemental ¶ XII.

28.    Defendant denies the allegations in supplemental ¶ XIII, and specifically denies that plaintiff is entitled to recovery against Defendant under a theory of "misrepresentation," as stated in supplemental ¶ XIII. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

29.    Defendant admit that, subject to any applicable defenses, it had a duty to comply with applicable law, which it did. Defendant denies the allegations in supplemental ¶ XIV, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "fraud and misrepresentation" and "concealment," as stated in supplemental ¶ XIV. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

30.    Defendant denies the allegations in supplemental ¶ XV, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "fraud and misrepresentation" and "concealment," as stated in supplemental ¶ XV. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

31.    Defendant denies the allegations in supplemental ¶ XVI, and specifically denies that plaintiff is entitled to recovery against Defendant under a theory of "negligent and reckless misrepresentation," as stated in supplemental ¶ XVI. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

32.     Defendant denies the allegations in supplemental ¶ XVII, and specifically denies that plaintiff is entitled to recovery against Defendant under a theory of "fraud and misrepresentation," as stated in supplemental ¶ XVII. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

33.     Defendant denies the allegations in supplemental ¶ XVIII, and specifically denies that plaintiff is entitled to recovery against Defendant under a theory of "negligent and reckless misrepresentation," as stated in supplemental ¶ XVIII. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*). To the extent that the allegations in supplemental ¶ XVIII could be construed to infer that any product of Defendants caused any injury to plaintiffs, the allegations are expressly denied.

34.     Defendant denies the allegations in supplemental ¶ XX, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "conspiracy," "fraud and misrepresentation," and "concealment," as stated in supplemental ¶ XX. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

35.     Defendant denies the allegations in supplemental ¶ XXI and all subparts thereof. Defendant specifically denies that plaintiff is entitled to recovery against Defendant under a theory of "conspiracy," as stated in supplemental ¶ XXI. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

36.     Defendant denies the allegations in supplemental ¶ XXII, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "conspiracy" and "fraud and misrepresentation," as stated in supplemental ¶ XXII. Defendant specifically pleads the applicability

and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

37.    Defendant denies the allegations in supplemental ¶ XXIII, and specifically denies that plaintiff is entitled to recovery against Defendant under the theories of "conspiracy," "fraud and misrepresentation," and "concealment," as stated in supplemental ¶ XXIII. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. § 9:2800.51, *et seq.*).

38.    Defendant denies that plaintiff is entitled to the relief requested in supplemental ¶ XXIV and all subparts thereof.

39.    Defendant denies that plaintiff is entitled to the relief requested in supplemental ¶ XXV.

## FIFTH DEFENSE

Defendant denies each and every allegation of the Petition that have not heretofore been specifically admitted.

## SIXTH DEFENSE

Defendant avers that its products possess no characteristic which renders them unreasonably dangerous in a reasonably anticipated use as defined by the Louisiana Products Liability Act (La.-R.S. 9:2800.51, *et seq.*).

## SEVENTH DEFENSE

Defendant specifically avers that plaintiff's claims are barred by the Learned Intermediary Doctrine or similar applicable law.

## EIGHTH DEFENSE

Plaintiff's claims are preempted by the Federal Food, Drug and Cosmetic Act and the

-10-

Medical Device Amendments thereto. The granting of the relief prayed for in the Petition would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, Clause 2) of the United States.

## NINTH DEFENSE

Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act ( La. R.S. 9:2800.51, *et seq.),* and specifically avers that plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in said Act.

## TENTH DEFENSE

Defendant specifically avers that plaintiff is not entitled to allege recovery under any theory not expressly set forth under the exclusive provisions of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq.*

## ELEVENTH DEFENSE

Defendant specifically avers the applicability of La.-R.S. 9:2800.59 and that its products were designed, manufactured, packaged, labeled, sold, and distributed in conformity with the then existing reasonably available scientific and technological knowledge, and, therefore it can have no liability in the premises.

## TWELFTH DEFENSE

Plaintiff failed to give notice of any alleged breach of express warranty.

## THIRTEENTH DEFENSE

Defendant specifically avers that any and all warranties that may form a basis for plaintiff's claims for relief were adequately disclaimed as stated by Defendant.

## FOURTEENTH DEFENSE

Defendant specifically avers that plaintiff did not rely on any warranties alleged in the Petition.

## FIFTEENTH DEFENSE

Defendant specifically avers that there is no causal relationship between its products and any injuries or damages allegedly sustained by plaintiff.

## SIXTEENTH DEFENSE

Defendant specifically avers that plaintiff may have had a significant pre-existing medical history that was the causative factor of plaintiff's alleged damages and that any use by plaintiff of Defendant's products was only coincidental and had no relationship to plaintiff's damages.

## SEVENTEENTH DEFENSE

In the alternative, if it is shown that plaintiff was injured or suffered damage as the result of the use of Defendant's products, which again is categorically denied, then this was the result of misuse, modification, improper care, alteration and/or safekeeping of the product, and/or other acts and omissions attributable to others for whom Defendant cannot be held responsible.

## EIGHTEENTH DEFENSE

In further alternative, Defendant specifically avers that plaintiff's alleged damages, if any, were caused solely and wholly by the independent, intervening, and superseding negligence, contributory/comparative negligence, breach of duty, and/or fault of plaintiff and/or others over whom Defendant had no control, and for whom Defendant has no responsibility, all of which totally precludes, or alternatively reduces, any recoverable damages against Defendant.

## NINETEENTH DEFENSE

In the further alternative, if it is shown that plaintiff was injured or sustained any damage as the result of the use of Defendant's products, which again is categorically denied, then Defendant specifically avers that plaintiff was fully informed and understood all information provided for the use of such products, including information on indications, usage, and contraindications, and therefore, plaintiff assumed the risk of any injury and/or damage if such occurred.

## TWENTIETH DEFENSE

In the further alternative, if it is shown that plaintiff was injured or sustained any damage as the result of the use of Defendant's products, which again is categorically denied, then Defendant specifically avers that plaintiff's alleged damages were caused by idiosyncratic reactions without any fault or failure on the part of Defendant or any defect attributable to its products and, accordingly, Defendant can have no liability in the premises.

## TWENTY-FIRST DEFENSE

In the further alternative, if it is shown that plaintiff was injured or sustained any damage as the result of the use of Defendant's products, which again is categorically denied, then Defendant specifically avers that plaintiff failed to follow the instructions regarding such products and, accordingly, Defendant can have no liability in the premises.

## TWENTY-SECOND DEFENSE

In the further alternative, if it is shown that plaintiff was injured or sustained any damage as the result of the use of Defendant's products, which again is categorically denied, then Defendant specifically avers that plaintiff has failed to mitigate his damages, if any, in whole or in part.

## TWENTY-THIRD DEFENSE

Defendant pleads as a set-off any monies received by the plaintiff for injuries or damages attributed to the subject incident, including, but not limited to, any insurance proceeds.

## TWENTY-FOURTH DEFENSE

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this cause, and hereby reserves the right to amend its Answer and assert any such defenses.

## JURY DEMAND

Defendant requests trial by jury of this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline denies the allegations of plaintiff's prayer for relief and supplemental ¶¶ XXIV and XXV and prays that its own answer be deemed good and sufficient and that after due proceedings had that: (1) there be judgment in favor of Defendant; (2) plaintiff's Petition be dismissed with prejudice and at plaintiff's cost; and (3) Defendant be granted its costs and expenses herein and such other further and equitable relief as the court may deem just and proper.

Respectfully submitted:

**IRWIN FRITCHIE URQUHART & MOORE LLC**

BY: _____

JAMES B. IRWIN, T.A. (La. Bar No. 7172)
KIM E. MOORE (La. Bar No. 18653)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Fax: (504) 310-2101

**Counsel for Defendant, SmithKline Beecham Corporation d/b/a GlaxoSmithKline**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all parties to this proceeding by depositing a copy of same in the United States mail, properly addressed and First Class postage prepaid on this _27th_ day of June, 2002.

_____

-15-